*In the*

# United States District Court

*for the*

# Western District of Washington

IN RE: JOHN FELIX CASTLEMAN, SR.
KIMBERLY KAY CASTLEMAN,

*Debtors,*

JOHN FELIX CASTLEMAN, SR.
KIMBERLY KAY CASTLEMAN,

*Appellants,*

v.

DENNIS LEE BURMAN, CHAPTER 7 TRUSTEE

*Appellee.*

*Appeal from a Decision of the United States Bankruptcy Court of Western Washington (Seattle),*
*Bankruptcy Case No. 19-12233- MLB · Hon. Marc Barreca, U.S. Bankruptcy Judge*

## AMENDED OPENING BRIEF OFAPPELLANT

STEVEN HATHAWAY, ESQ. (24971)
LAW OFFICES OF STEVEN HATHAWAY, P.C.
3811 Consolidation Avenue
Bellingham, Washington 98229
(360) 676-0529 Telephone
(360) 676-0067 Facsimile

*Attorney for Appellant,*
*John Castleman, Sr., and Kimberly Castleman*

# CONTENTS

CORPORATE DISCLOSURE STATEMENT REQUIRED BY F.R.A.P. 26.1    6

STATEMENT OF BASIS OF APPELLATE JURISDICTION    6

STANDARD OF APPELLATE REVIEW    6

STATEMENT OF ISSUES FOR REVIEW    6

STATEMENT OF THE CASE    7

SUMMARY OF ARGUMENT    8

ARGUMENT    9

A. 11 U.S.C. § 348 - Effect of Conversion.    9

B. Brown v. Barclay (In re Brown), 953 F.3d 617 (9th Cir. 2020).    9

C. Bankruptcy Reform Act of 1994.    12

D. Matter of Lybrook.    13

E. In re Bobroff.    14

F. Collier on Bankruptcy.    14

G. Keith Lundin and William Brown.    15

H. Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").    16

I. Purpose of Amendment to § 348(f)(1)(B) is to Protect Secured Creditors.    16

J. Collier on Bankruptcy -- Purpose of § 348(f)(1)(B).    18

K. Court May Rely on Pre-BAPCPA Cases Construing § 348(f)(1)(A).    18

L. Two Approaches to Interpreting § 348(f)(1)    18

M. Minority View --Increase is Property of Chapter 7 Estate.    18

N. Majority View - Increase is Not Property of Chapter 7 Estate.    19

O. Ambiguity in 11 U.S.C. § 348(f).    30

CONCLUSION    31

CERTIFICATE OF COMPLIANCE    32

CERTIFICATE OF SERVICE    33

CERTIFICATE OF INTERESTED PARTIES    34

CERTIFICATE OF RELATED CASES    35

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

2

**Cases**

Bargeski v. Rose, WL 1238742 (D. Md. March 31, 2006)..........................................................30

Harris v. Viegelahn , 575 U.S. 510 (2015) ..........................................................................10

Harris v. Viegelahn, 575 U.S. 510 (2015) ............................................................................9

In re AirHart, 473 B.R. 178 (Bkrtcy. S.D. Tex. 2012) ..................................................16

In re Barrera, 620 B.R. 645 (Bankr. D. Colo. 2020)......................................................22

In re BCE West, L.P.), 319 F.3d 1166 (9th Cir.2003) .........................................................6

In re Bobroff, 766 F.2d 797 (3rd Cir. 1985) ...................................................................13

In re Bobroff, 766 F.2d 797, 803 (3rd Cir. 1985) ..........................................................14

In re Boyum, 2005 WL 2175879 (D. Or. Sept. 6, 2005) ................................................30

In re Brown, 953 F.3d 617 (9th Cir. 2020) ..........................................................9, 12, 20

In re Burt, LEXIS 2384 (Bankr. N.D. Ala. 2009)..........................................................15

In re Burt, No. 01-43254-7 (Bankr. N.D. Ala. Jul. 31, 2009)........................................29

In re Cofer, 625 B.R. 194 (Bankr. D. Idaho 2021) ........................................................23

In re Goins, 539 B.R. 510 (Bankr. E.D. Va. 2015)....................................................17, 18

In re Golden, 528 B.R. 803 (Bankr. D. Colo. 2015)......................................................24

In re Hayes, No. 15-20727 (Bankr. D. Colo. 2019)........................................................19

In re Hodges, 518 B.R. 445 (2014)..................................................................................18

In re Hodges, 518 B.R. 445 (Bankr. E.D. Tenn. 2014)...................................................16

In re Hodges, 518 B.R. 445 (E.D. Tenn. 2014) ..............................................................15

In re Hyman, 967 F.2d 1316 (9th Cir. 1992) .............................................................19, 31

In re Jackson, 317 B.R. 511 (Bankr. N.D. Ill. 2004) .....................................................27

In re Lynch, 363 B.R. 101 (9th Cir. BAP 2007)..............................................................22

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

In re Michael, 699 F.3d 305 (2012) ........................................................................ 19

In re Michael, 699 F.3d 305 (3d Cir. 2012) ........................................................... 21

In re Nichols, 319 B.R. 854 (Bankr. S.D. Ohio 2004) .......................................... 27

In re Niles, 342 B.R. 72 (Bankr. D. Ariz. 2006) ................................................... 26

In re Page, 250 B.R. 465 (Bankr. D. N.H. 2000) .................................................. 29

In re Peter, 309 B.R. 792 (Bankr.D.Or.2004) ...................................................... 18

In re Pisculli, 426 B.R. 52 (E.D.N.Y. 2010) ........................................................ 12

In re Potter), 228 B.R. 422 (8th Cir. BAP 1999) .................................................. 19

In re Pruneskip, 343 B.R. 714 (Bankr. M.D. Fla. 2006) ....................................... 15

In re Reed, 940 F.2d 1317 (9th Cir. 1991) ............................................................ 19

In re Salas, WL 3300770 (E.D. Cal., 2006) ......................................................... 26

In re Salazar, 465 B.R. 875 (9th Cir. BAP 2012) ................................................. 21

In re Slack, 290 B.R. 282 (Bankr.D.N.J.2003) ..................................................... 24

In re Staffer, 306 F.3d 967 (9th Cir.2002) ............................................................. 6

In re Wegner, 243 B.R. 731 (Bankr.D.Neb.2000) ................................................ 24

Matter of Lybrook, 951 F.2d 136 (7th Cir. 1991) ................................................. 13

Nuclear Info. and Res. Serv. v. U.S. Dep't of Transp.,457 F.3d 956 (9th Cir. 2006) ................. 30

Warren v. Peterson, 298 B.R. 322 (N.D. Ill. 2003) .............................................. 28

Wilson v. Rigby, 909 F.3d 306 (9th Cir. 2018) ..................................................... 31

**Statutes**

§ 1306(a)(1) ................................................................................................. 13, 16

§ 348(f)(1)(A) .................................................................................................... 11

11 U. S. C. § 348 ................................................................................................. 9

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

11 U.S.C. § 1303 ................................................................................................ 12

11 U.S.C. § 1306(a)(1) ...................................................................................... 10

11 U.S.C. § 1307(a) ............................................................................................. 9

11 U.S.C. § 348(f) ......................................................................................... passim

11 U.S.C. § 348(f)(1)(A) ..................................................................... 8, 9, 11, 20

11 U.S.C. § 348(f)(1)(B) ................................................................................... 16

11 U.S.C. § 348(f)(2) ........................................................................................... 9

11 U.S.C. § 541(a)(6) ........................................................................................ 26

11 U.S.C. § 704(a)(1) ........................................................................................ 10

11 U.S.C. § 726 ................................................................................................. 10

28 U.S.C. § 1334(a) ............................................................................................. 6

28 U.S.C. § 158(a) ............................................................................................... 6

28 U.S.C. §§ 157(b)(2)(A) ................................................................................... 6

### Other Authorities

Carlson, Cars and Homes in Chapter 13 after 2005, 14 Am. Bankr. Inst. L.Rev. 301, 385 (Winter 2006) ................................................................................................................. 17

Collier on Bankruptcy ¶ 348.02[1] (16th ed. rev.2017) ................................. 15

Collier on Bankruptcy ¶ 348.07[3] (16th ed. rev.2017) ................................. 18

### Rules

F.R.A.P. 26.1 ....................................................................................................... 6

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

5

CORPORATE DISCLOSURE STATEMENT REQUIRED BY F.R.A.P. 26.1

I hereby certify that there are no corporate parties to this proceeding. The following parties have an interest in the outcome of this appeal. These representations are made to enable judges to evaluate possible disqualification or recusal.

| PARTY | INTEREST |
|---|---|
| John and Kimberly Castleman | Appellant |
| Dennis Lee Burman, Chapter 7 Trustee | Appellee |

STATEMENT OF BASIS OF APPELLATE JURISDICTION

This appeal arises from the bankruptcy court's memorandum decision and order that upon conversion from chapter 13 to chapter 7 the chapter 7 estate includes the post-petition, pre-conversion equity in the Debtors home entered on June 4, 2021 and June 11, 2021 (A-135 and A-145). The bankruptcy court had jurisdiction to issue its order under 28 U.S.C. §§ 157(b)(2)(A) and (O) and 28 U.S.C. § 1334(a). The District Court has appellate authority over dispositive orders and judgments of the bankruptcy court. 28 U.S.C. § 158(a).

STANDARD OF APPELLATE REVIEW

A bankruptcy court's interpretation of the Bankruptcy Code is reviewed de novo. See Einstein/Noah Bagel Corp. v. Smith (In re BCE West, L.P.), 319 F.3d 1166, 1170 (9th Cir.2003) see also Staffer v. Predovich (In re Staffer), 306 F.3d 967, 970-71 (9th Cir.2002).

STATEMENT OF ISSUES FOR REVIEW

1. Does property of the chapter 7 bankruptcy estate include post-petition, pre-conversion appreciation in the value of the Debtors home?

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

2. Is the Debtors post-petition, pre-conversion increase in the value of their home inseparable from the value of their home on the petition date and thus part of the chapter 7 bankruptcy estate upon conversion?

3. Is the Debtors post-petition, pre-conversion increase in equity produced by paying down the mortgage during chapter 13 part of the chapter 7 bankruptcy estate upon conversion?

4. Is 11 U.S.C. § 348(f) ambiguous such that the court can look to legislative history and other extrinsic aids to determine congressional intent?

## STATEMENT OF THE CASE

The issue in this appeal is whether upon conversion from Chapter 13 to Chapter 7 the Chapter 7 trustee is entitled to the post-petition equity in the Debtors home (including equity produced by paying down the mortgage). The issue is purely a question of law. There are no material facts in dispute.

The Debtors filed their Chapter 13 petition on June 13, 2019. A-3. Their Chapter 13 Plan was confirmed on September 25, 2019. A-77 to 78. Their case was converted from Chapter 13 to Chapter 7 on February 5, 2021. A-111.

The Debtors own a home at 5857 Everson Goshen Road in Bellingham, Washington which they valued at $500,000 with a mortgage of $375,000 on the petition date. A-17 and A-28. The Debtors exempted the $125,000 equity in the home. A-24. The trustee did not object to the valuation of the Debtors home. The trustee did not object to the Debtors homestead exemption. The trustee did not allege the Debtors converted to Chapter 7 in bad faith. A-117.

While in Chapter 13 the Debtors submitted $22,115.00 to the trustee. As a result, their creditors received payments that they would not have received had they filed Chapter 7 initially. The husband was diagnosed with Parkinson's disease which required him to quit working in

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

January 2021. Their Chapter 13 plan ceased being feasible and they exercised their right to convert their case to Chapter 7.

After conversion the trustee filed a motion seeking authorization to market the Debtors home claiming the Chapter 7 estate is entitled to the post-petition equity in the Debtors home (including equity produced by paying down the mortgage) and sought permission to liquidate the home for the benefit of creditors. A-117. Debtors responded, asserting that the appreciation in value between the filing of the Chapter 13 petition and conversion to Chapter 7 is not property of the bankruptcy estate. A-123.

With little attention to the language and history of 11 U.S.C. § 348(f), bankruptcy policy, binding and/or persuasive precedent, and relying on decisions from other circuits and inapplicable chapter 7 cases the bankruptcy court found post-petition equity in the Debtors home is property of creditors. The court's decision is without statutory basis and is grounded in a policy view rejected by Congress. A-135 and A-145.

The bankruptcy court's decision should be reversed.

## SUMMARY OF ARGUMENT

The structure of 11 U.S.C. § 348(f), the legislative history, long standing bankruptcy policy, and persuasive precedent all indicate that post-petition, pre-conversion, increase in the value of a home (by appreciation, paying down the mortgage, improvements made to the home, or otherwise) belongs to the debtor. It is not property of the Chapter 7 bankruptcy estate.

Section 348(f) of the Code provides "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion" 11 U.S.C. § 348(f)(1)(A). The only exception to this rule is when the case is converted in "bad faith," in

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

8

which case the court can order that property acquired during the Chapter 13 case becomes property of the Chapter 7 estate. 11 U.S.C. § 348(f)(2).

## ARGUMENT

The Bankruptcy Code provides two roads individual debtors may pursue to gain discharge of their financial obligations: Chapter 13 and Chapter 7. Many debtors, however, fail to complete a Chapter 13 plan successfully so Congress accorded debtors a nonwaivable right to convert a Chapter 13 case to one under Chapter 7 "at any time." 11 U.S.C. § 1307(a). Harris v. Viegelahn, 575 U.S. 510, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015). An issue that arises is how to define the contents of the estate that is converted from Chapter 13 to Chapter 7. Id.

### A. <u>11 U. S. C. § 348 - Effect of Conversion</u>.

Section 348(f) provides, in pertinent part, as follows:

When a case under chapter 13 of this title is converted to a case under another chapter under this title—

(1)(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; [ ... ]

(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion.

11 U.S.C. § 348(f)(1)(A), (f)(2).

### B. <u>Brown v. Barclay (In re Brown), 953 F.3d 617 (9th Cir. 2020)</u>.

In In re Brown the Ninth Circuit stated:

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

9

Section 348 comes into play when a bankruptcy proceeding is converted from Chapter 13 to Chapter 7.  Therefore, it is necessary to first examine the nature of each type of proceeding.

Chapter 13 bankruptcy is a voluntary proceeding that allows a debtor to retain control over some assets while the debtor repays creditors over a three-to-five-year period.  In exchange for retaining control of some assets, the property accumulated during the repayment period becomes part of the bankruptcy estate and is used to repay creditors. See 11 U.S.C. § 1306(a)(1) (including in the Chapter 13 estate "all property . . . that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12").

In contrast, Chapter 7 allows debtors to discharge their existing debts immediately without a long-term payment plan. But in exchange, the debtor must relinquish control of and liquidate all existing assets. The Chapter 7 trustee is to sell the property of the estate, 11 U.S.C. § 704(a)(1), and then distribute the proceeds to the debtor's creditors, 11 U.S.C. § 726. Unlike in Chapter 13 proceedings, wages or other assets acquired by the debtor post-petition are not property of the estate, and therefore creditors do not have access to them. See Harris v. Viegelahn , 575 U.S. 510, 135 S. Ct. 1829, 1835, 191 L.Ed.2d 783 (2015) ("Thus, while a Chapter 7 debtor must forfeit virtually all his prepetition property, he is able to make a 'fresh start' by shielding from creditors his postpetition earnings and acquisitions.").

An issue that arises is how to define the contents of the estate that is converted from Chapter 13 to Chapter 7.  One option would be to apply Chapter 7's rule that all assets acquired after the filing of the initial petition are retained by the debtor and do not become part of the bankruptcy estate.  This approach would bar creditors from obtaining assets that were acquired by the debtor after the Chapter 13 petition was filed.  In essence, this approach would put the

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

10

debtor where he would have been, had he filed in Chapter 7 initially. Applying Chapter 7's rule upon conversion would therefore allow the debtor to keep assets that were acquired after the initial voluntary Chapter 13 petition was filed.

Another approach would be to apply Chapter 13's rule that assets acquired after the petition is filed become part of the estate. Thus, assets acquired after the Chapter 13 petition was filed would, upon conversion to Chapter 7, become part of the converted estate. This approach would give a debtor's creditors, upon conversion to Chapter 7, access to all such assets. Such an approach would put the debtor in a worse position than if the petition had been filed in Chapter 7 initially.

Congress resolved the issue in § 348(f)(1)(A), which effectively adopted the chapter 7 approach, by defining the converted estate to exclude assets acquired after the initial filing. This provision limits the converted estate in two ways. First, to avoid penalizing the debtor who initially engaged in voluntary bankruptcy under chapter 13, Congress restricted the assets of the converted estate to property "as of the date of filing of the [voluntary] petition." 11 U.S.C. § 348(f)(1)(A). This means that, after conversion to chapter 7, creditors are barred from recovering property that was acquired by the debtor after filing the chapter 13 petition. See, e.g., Harris, 135 S.Ct. at 1837 (holding that wages acquired by the debtor after filing for Chapter 13 bankruptcy and not distributed at the time of conversion, are not property of the converted estate under section 348(f)(1)(A)).

Second, and of immediate concern here, Congress, in § 348(f)(1)(A), limited the property of the converted estate to include only property that "remains in the possession of or is under the control of the debtor on the date of conversion." This was necessary in order to take into account the debtor's ability to spend funds on ordinary living expenses during the Chapter 13 proceeding.

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

11

See 11 U.S.C. §§ 1303, 1306(b); In re Pisculli, 426 B.R. 52, 66 (E.D.N.Y. 2010) ("[T]he rights conferred by sections 1303 and 1306(b) . . . provide the Chapter 13 debtor with the implicit right to use property of the estate for ordinary and necessary living expenses, provided such use is not in bad faith." ). This second limitation prevents creditors from seeking to recover funds that were lawfully spent during the Chapter 13 proceeding and therefore no longer property of the estate. See 140 Cong. Rec. H10752-01 at *H10771 (1994).

In re Brown, 953 F.3d 617, 619-20 (9th Cir. 2020).

## C. <u>Bankruptcy Reform Act of 1994</u>.

The Bankruptcy Reform Act of 1994 added subsection (f)(1). In that regard, Congress stated that:

This amendment would clarify the Code to resolve a split in the case law about what property is in the bankruptcy estate when a debtor converts from Chapter 13 to Chapter 7. The problem arises because in Chapter 13, any property acquired after the petition becomes property of the estate, at least until confirmation of the plan. Some courts have held that if the case is converted, all of this after-acquired property becomes part of the estate in the converted Chapter 7 case, even though the statutory provisions making it property of the estate do not apply to Chapter 7. Other courts have held that the property of the estate in a converted case is the property the debtor had when the original Chapter 13 petition was filed.

These latter courts have noted that to hold otherwise would create a serious disincentive to Chapter 13 filings. For example, a debtor who had $10,000 equity in a home at the beginning of the case, in a State with a $10,000 homestead exemption, would have to be counseled concerning the risk that after he or she paid off a $10,000 second mortgage in the Chapter 13 case, creating $10,000 in equity, there would be a risk that the home could be lost if the case

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

12

were converted to Chapter 7 (which can occur involuntarily). If all the debtor's property at the time of conversion is property of the Chapter 7 estate, the trustee would sell the home, to realize the $10,000 in equity for the unsecured creditors and the debtor would lose the home.

This amendment overrules the holding in cases such as Matter of Lybrook, 951 F.2d 136 (7th Cir. 1991) and adopts the reasoning of In re Bobroff, 766 F.2d 797 (3rd Cir. 1985). However, it also gives the court discretion, in a case in which the debtor had abused the right to convert and converted in bad faith, to order that all property held at the time of conversion shall constitute property of the estate in the converted case.

H.R.Rep. No. 103-835 at 57 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340, 3366.

### D. Matter of Lybrook.

In Matter of Lybrook, 951 F.2d 136, 137-38 (7th Cir. 1991) , the debtors initially filed a Chapter 13. Ten months into the case, they inherited land worth $70,000. After inheriting the land, the debtors converted their case to Chapter 7. The Chapter 7 trustee requested turnover of the inherited land. In affirming the bankruptcy court's order requiring the debtors to turn over the inherited land, the United States Court of Appeals for Seventh Circuit held the land became part of the debtors' Chapter 13 estate. The Seventh Circuit applied § 1306(a)(1), which provides property acquired after the case's commencement but before the case is closed, dismissed, or converted belongs to the estate. The Seventh Circuit held that because the land became estate property during the Chapter 13 case, the land also belonged to the Chapter 7 estate. The court held that "the Chapter 13 estate passes unaltered into Chapter 7 upon conversion," explaining that "a rule of once in, always in is necessary to discourage strategic, opportunistic behavior that hurts creditors without advancing any legitimate interest of debtors." Id. at 138-39.

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

13

E. <u>In re Bobroff</u>.

In re Bobroff, 766 F.2d 797, 803 (3rd Cir. 1985), involved a Chapter 7 case converted to a Chapter 13 and later reconverted to a Chapter 7. While still under Chapter 13 but before the second conversion to Chapter 7, the debtor accrued several tort causes of action. The United States Court of Appeals for the Third Circuit considered whether the causes of action were property of the Chapter 7 estate after the second conversion. Although the Third Circuit held the causes of action were not property of the Chapter 7 estate, it did so on the basis that the debtor was not entitled to convert his case to Chapter 13. The Third Circuit considered the conversion to Chapter 13 void ab initio. As a result, the purported conversion to Chapter 13 never legally occurred and the tort causes of action never became property of the estate under § 1306. The Third Circuit explained, "[i]f debtors must take the risk that property acquired during the course of an attempt at repayment will have to be liquidated for the benefit of creditors if Chapter 13 proves unavailing, the incentive to give Chapter 13 -- which must be voluntary -- a try will be greatly diminished." Id.

Ignoring the unique facts in Bobroff, the House Report adopted the Third Circuit's analysis of the Bankruptcy Code's policy goals, which favored encouraging debtors to file a Chapter 13 over Chapter 7, or repayment over liquidation. By adopting the reasoning applied in Bobroff over Lybrook, the House Report suggests the policy goals of § 348(f) should not disincentivize filing a Chapter 13 case by penalizing debtors should the case convert to Chapter 7.

F. <u>Collier on Bankruptcy</u>.

According to Collier on Bankruptcy:

The addition of this subsection clarified that Congress had intended the result reached by

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

14

cases that had not included in the post-conversion Chapter 7 estate the property acquired by the debtor during the pre-conversion Chapter 13 case. As the House Report on the amendment pointed out, the result was in accord with the statute's language, since section 1306, which makes such property property of the estate in Chapter 13 cases, is inapplicable to Chapter 7 cases. The Report further explained that the Committee was concerned that the contrary rule would create a serious disincentive to Chapter 13 filings because debtors would fear that property attained after filing, including equity created by payment of secured debts, could be lost if the case were converted. The legislative history also states that equity created during the Chapter 13 case is not property of the estate. H.R. Rep. No. 835, 103d Cong., 2d Sess 57 (1994); see In re Hodges, 518 B.R. 445 (E.D. Tenn. 2014); Leo v. Burt (In re Burt), 2009 Bankr. LEXIS 2384 (Bankr. N.D. Ala. July 31, 2009) (unpublished) (home equity should be measured as of petition date); In re Pruneskip, 343 B.R. 714, 716 (Bankr. M.D. Fla. 2006). 3 Collier on Bankruptcy ¶ 348.02[1], at 348-28 (Alan N. Resnick & Henry J. Sommer, 16th ed. rev.2017).

## G. <u>Keith Lundin and William Brown</u>.

One of the leading sources of commentary on Chapter 13 expressed its view of § 348(f)(1)(A)'s legislative history: "it seems to have been congressional intent to take a snapshot of the estate at the filing of the original Chapter 13 petition and, based on that inventory, include in the Chapter 7 estate at conversion only the portion that remains in the possession or control of the debtor. The spirit of § 348(f)(1)(A) is best captured by a rule that property acquired by the Chapter 13 estate or by the debtor after the Chapter 13 petition does not become property of the Chapter 7 estate at a good-faith conversion. The method of acquisition after the Chapter 13 petition should not matter: post-petition property does not become property of the Chapter 7 estate at conversion, whether acquired with earnings by the debtor, by transfer to the debtor —

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

15

for example, an inheritance after 180 days after the petition — or by appreciation in the value of a pre-petition asset." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, § 316.1, at ¶ 26 (4th ed. 2004).

H. <u>Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA")</u>.

In April 2005, BAPCPA was passed by Congress and signed into law by President George W. Bush as a move to reform the bankruptcy system. S.256 - Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (April 20, 2005). As part of the BAPCPA amendments, Congress amended § 348(f)(1)(B) to provide that:

(B) valuations of property and of allowed secured claims in the Chapter 13 case shall apply only in a case converted to a case under Chapter 11 or 12, but not in a case converted to a case under Chapter 7, with allowed secured claims in cases under Chapters 11 and 12 reduced to the extent that they have been paid in accordance with the Chapter 13 plan . . . . 11 U.S.C. § 348(f)(1)(B).

I. <u>Purpose of Amendment to § 348(f)(1)(B) is to Protect Secured Creditors</u>.

In re Hodges, 518 B.R. 445, 450 (Bankr. E.D. Tenn. 2014) found that post-BAPCPA § 348(f)(1)(B) "addresses the rights of a secured creditor in the context of valuation of specific property at the end of the Chapter 13 bankruptcy." See also In re AirHart, 473 B.R. 178 (Bkrtcy. S.D. Tex. 2012).

In In re Goins, 539 B.R. 510 (Bankr. E.D. Va. 2015) the court looked at the legislative history of 348(f)(1)(B), commentary on the provision, and case law to determine its meaning.

The legislative history from the BAPCPA Amendments states as follows, with respect to the amended Section 348(f)(1)(B):

Sec. 309. Protecting Secured Creditors in Chapter 13 Cases. Section 309(a) of the Act amends Bankruptcy Code section 348(f)(1)(B) to provide that valuations of

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

16

property and allowed secured claims in a chapter 13 case only apply if the case is subsequently converted to one under chapter 11 or 12. If the chapter 13 case is converted to one under chapter 7, then the creditor holding security as of the petition date shall continue to be secured unless its claim was paid in full as of the conversion date. In addition, unless a prebankruptcy default has been fully cured at the time of conversion, then the default in any bankruptcy proceeding shall have the effect given under applicable nonbankruptcy law.

H.R. Rep. No. 109-31(I), at 73 (2005), as reprinted in 2005 U.S.C.C.A.N. 88, 140. Goins at 513-514.

One commentator has suggested that the purpose of the 2005 amendment was to protect secured creditors from the effect of any bifurcation of their liens that may have occurred during the Chapter 13 case. David G. Carlson, "Cars and Homes in Chapter 13 After the 2005 Amendments to the Bankruptcy Code," 14 Am. Bankr. Inst. L.Rev. 301, 385 (Winter 2006)." In re Goins, 539 B.R. 510 (Bankr. E.D. Va. 2015).

There have not been many post-BAPCPA cases interpreting the amended version of Section 348(f)(1)(B). The case of In re Robinson, 472 B.R. 854 (Bankr.M.D.Fla.2012), involved equity that accrued in the debtors' vehicles as a result of payments made to secured creditors under a confirmed Chapter 13 plan. The court, relying on the pre-BAPCPA cases of Burt and Pruneskip, held that the equity in the vehicles attributable to the debtors' post-petition payments belonged to the debtors. Id. at 857. The court noted that "[t]he legislative history of the 1994 amendments to section 348(f) indicates that debtors are to be encouraged to make payments in Chapter 13 rather than filing under Chapter 7, and that they should not be penalized for attempting to repay their debts in Chapter 13 even though they may later find it necessary to convert to a Chapter 7 case." Id. at 856.

The case of In re Hodges, 518 B.R. 445 (Bankr.E.D.Tenn.2014), like Robinson, involved equity built up in the debtors' residence as a result of payments made to their mortgagee during the Chapter 13 case. The court in Hodges first noted that "although § 348(f)(1)(B) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), because the issue in this case is controlled by § 348(f)(1)(A), which was not amended by BAPCPA, the Court may rely on cases construing § 348(f)(1)(A) before BAPCPA came into effect." Id. at 448. The court further noted that post-BAPCPA Section 348(f)(1)(B) "addresses the rights of a secured creditor in the context of valuation of specific property at the end of the Chapter 13 bankruptcy." Id. at 450 (emphasis in original). The court held that the issue was "squarely answered by § 348(f)(1)(A) and the case law interpreting it," and therefore, the debtors were entitled to the post-petition equity created by the mortgage payments made in the Chapter 13 case. Id. at 451.

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

In re Goins, 539 B.R. 510, 514 (Bankr. E.D. Va. 2015).

## J. <u>Collier on Bankruptcy -- Purpose of § 348(f)(1)(B)</u>.

According to Collier, the purpose of § 348(f)(1)(B) is to protect secured creditors.

The subsection clearly applies to the valuation used in determining allowed secured claims in such cases. Once the value of an item of property is established for that purpose, whether by court order, agreement or otherwise, it will not be changed after the case is converted to Chapter 11 or Chapter 12. 3 Collier on Bankruptcy ¶ 348.07[3], at 348-26 (Alan N. Resnick & Henry J. Sommer, 16th ed. rev.2017).

## K. <u>Court May Rely on Pre-BAPCPA Cases Construing § 348(f)(1)(A)</u>.

Although § 348(f)(1)(B) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), because the issue in this case is controlled by § 348(f)(1)(A), which was not amended by BAPCPA, the Court may rely on cases construing § 348(f)(1)(A) before BAPCPA came into effect. In re Hodges, 518 B.R. 445 (2014).

## L. <u>Two Approaches to Interpreting § 348(f)(1)</u>.

Courts have adopted two approaches when analyzing the impact of 11 U.S.C. § 348(f)(1) on changes in property value or net equity between the petition date and the date of conversion from Chapter 13 to Chapter 7.

## M. <u>Minority View --Increase is Property of Chapter 7 Estate</u>.

The minority of courts have held that any appreciation or increase in net value inures to the Chapter 7 estate. See In re Goins, 539 B.R. 510, 516 (Bankr. E.D. Va. 2015); see also In re Peter, 309 B.R. 792, 795 (Bankr.D.Or.2004) (finding equity in a car resulting from chapter 13 payments is included in the converted chapter 7 estate). See also Potter v. Drewes (In re Potter),

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

228 B.R. 422, 424 (8th Cir. BAP 1999) (estate's interest in the converted case is the entire asset, including any changes in value that occur postpetition). In re Hayes, Case No. 15-20727 (Bankr. D. Colo. March 28, 2019)(unpublished opinion).

In Goins, the court's decision is based on finding that equity is inseparable from real estate and is thus part of the estate on the petition date. In re Goins, 539 B.R. at 515-16 (citing e.g., See In re Hyman, 967 F.2d 1316 (9th Cir. 1992); In re Reed, 940 F.2d 1317, 1323 (9th Cir. 1991)). The decision was not based on Section 348(f)(1)(B). Id.

The Debtors respectfully submit that the Goins decision is flawed. It is based on chapter 7 cases which are not applicable to chapter 13 conversion and ignores overwhelming, binding and/or persuasive precedent, legislative intent, and expert commentators concluding post-petition, pre-conversion, acquisitions – be it an increase in the value of a debtor's home, or otherwise – are not property of the chapter 7 estate.

N. Majority View – Increase is Not Property of Chapter 7 Estate. Harris v. Viegelahn, 575 U.S. 510, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015).

In addressing the implications of 11 U.S.C. § 348 the U.S. Supreme Court resolved a circuit split in favor of the Third Circuit approach of In re Michael, 699 F.3d 305 (2012) concluding that the issue before it was resolved by § 348 of the Code, which deals with the conversion of a case from one chapter to another. Specifically, § 348(f)(1)(A) of the Code provides that upon conversion of a Chapter 13 case to another chapter, property of the estate consists of property of the estate, as of the petition date, that remains in the possession of, or under the control of the debtor, as of the date of conversion. The Supreme Court held that "[a]bsent a bad-faith conversion, § 348(f) limits a converted Chapter 7 estate to property belonging to the debtor 'as of the date' the original Chapter 13 petition was filed." Id. at 517.

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

19

Simply put, this provision prohibits the debtor's post-petition property from becoming part of the new Chapter 7 estate upon conversion from Chapter 13 and, thus, bars creditors from receiving the proceeds of such property upon the liquidation of the estate. The Supreme Court rejected the argument that a debtor would receive a "windfall" by reclaiming their wages from the former trustee, reasoning that the debtor could have kept these wages had the debtor filed under Chapter 7 in the first place. Id.

In re Brown, 953 F.3d 617 (9th Cir. 2020).

In Brown the chapter 13 debtor inherited $55,487.97 and then, almost immediately, and without the approval of the chapter 13 trustee, transferred $12,372 to each of his three brothers. Upon learning of the unauthorized transfers, the chapter 13 trustee, as a sanction, moved to convert the case to chapter 7. After the bankruptcy court converted the proceedings to chapter 7, the debtor argued that the transferred funds were no longer in the estate. The Bankruptcy Court and the Bankruptcy Appellate Panel ("BAP") disagreed, holding that, under the circumstances, the transferred funds should remain property of the chapter 7 estate, which would mean the chapter 7 trustee had authority to recover them. The Bankruptcy Court and BAP, however, based their decisions on three different rationales. The Ninth Circuit endeavored to harmonize the result with the language of § 348(f)(1) and the limited case law interpreting it.

The Ninth Circuit stated Congress tried to resolve the issue in § 348(f)(1)(A), which effectively adopted the Chapter 7 approach, by defining the converted estate to exclude assets acquired after the initial filing. This provision limits the converted estate in two ways. First, to avoid penalizing the debtor who initially engaged in voluntary bankruptcy under Chapter 13, Congress restricted the assets of the converted estate to property " as of the date of filing of the [voluntary] petition." 11 U.S.C. § 348(f)(1)(A). This means that, after conversion to Chapter 7,

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

20

creditors are barred from recovering property that was acquired by the debtor after filing the Chapter 13 petition.  See, e.g., Harris, 135 S.Ct. at 1837 (holding that wages acquired by the debtor after filing for Chapter 13 bankruptcy and not distributed at the time of conversion, are not property of the converted estate under section 348(f)(1)(A)).  Id.

In re Michael, 699 F.3d 305, 310 (3d Cir. 2012).

In Michael, the United States Court of Appeals for the Third Circuit stated, "[t]he legislative history of § 348(f) supports that Congress's intended outcome is that payments held by the Chapter 13 trustee revert to the debtor on conversion "so as to avoid a" 'serious disincentive to file chapter 13 filings.'"In re Michael, 699 F.3d 305, 314-15 (3d Cir. 2012) (quoting H.R.Rep. No. 835, 103d Cong., 2d Sess. 57 (1994)). The Third Circuit concluded that "the date of the filing of the petition is the date the debtor filed the Chapter 13 petition, [which] suggests that property of the Chapter 13 estate acquired post-petition is excluded from the property of the new Chapter 7 estate." Id.

In re Salazar, 465 B.R. 875 (9th Cir. BAP 2012).

In Salazar, the chapter 13 debtors received and spent tax refunds that were property of their bankruptcy estate under § 541 of the Bankruptcy Code.  The debtors ultimately failed to confirm a chapter 13 plan and converted their case to chapter 7.  The bankruptcy court denied the chapter 7 trustee's motion requesting that the debtors be compelled to pay into their chapter 7 estate the amount of the prepetition tax refunds.

United States Bankruptcy Appellate Panel of the Ninth Circuit, affirmed, after looking at the plain meaning of § 348(f)(1)(A) "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition" the BAP looked to the dictionary. Found that to "possess" or to be "in possession" of a thing is to have it or hold it as property. See

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

21

Merriam-Webster's Collegiate Dictionary, Eleventh Ed. 2005. To "remain" means "to be a part not destroyed, taken, or used up," or "to continue unchanged." Id.

<u>Kendall v. Lynch (In re Lynch), 363 B.R. 101 (9th Cir. BAP 2007)</u>.

In Lynch, the Ninth Circuit BAP recognized that equity not only created by payments to secured claims but also property appreciation after the chapter 13 petition should be excluded as estate property in a case converted to chapter 7. Id. at 107. That BAP reasoned that allowing the debtor to retain equity created during the chapter 13 case is not only reflected in the legislative purpose of § 348(f) but is also buttressed by § 348(f)(2) which directs the bankruptcy court to look to the date of conversion when a 13 is converted in bad faith. Id. "Excluding equity resulting from debtors' payments on loans secured by their residence and property appreciation subsequent to their chapter 13 filing in a case converted to chapter 7 serves the congressional purpose of encouraging chapter 13 reorganizations over chapter 7 liquidations, as reflected in the legislative history." Id.

<u>In re Barrera, 620 B.R. 645 (Bankr. D. Colo. 2020), aff'd, No. BAP CO-20-003, 2020 WL 5869458 (10th Cir. BAP Oct. 2, 2020) ("Barrera I")</u>.

In Barrera I, the United States Bankruptcy Court for the District of Colorado concluded that appreciation inures to the debtor upon conversion based on the legislative history of § 348. Id. at 649-53 and (citing e.g., In re Niles, 342 B.R. 72, 76 (Bankr. D. Ariz. 2006)).

Finding the meaning of property in § 348(f)(1)(A) was ambiguous, Barrera I turned to the legislative history of § 348(f). Barrera I reasoned that the legislative history, which demonstrates "Congress' concern that the chapter 7 trustee was getting the postpetition increase in equity in the debtor's home," supports a conclusion that "property" in § 348(f)(1)(A) means "property as it existed on the petition date, with all its attributes, including the amount of equity that existed on

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

22

that date." Id. at 653. The court found no distinction between equity increases due to the debtor's paydown of liens or that due to changes in the market because "the legislative history points toward is Congress' intent to leave a debtor who attempts a repayment plan no worse off than he would have been had he filed a chapter 7 case at the outset." Id.

Barrera I cited commentary by Keith M. Lundin and William H. Brown in support of its interpretation and dismissed public policy concerns that such an interpretation would lead to a windfall to debtors reasoning a chapter 7 debtor would usually seek abandonment of the property if the debtor believes the case will remain open for a significant period to avoid the possibility that the trustee can reap the benefits of an increase in equity. Id. In addition, the court reasoned that where the case will be administered quickly, the trustee is unlikely to benefit from significant increases in equity. Id.

In re Cofer, 625 B.R. 194 (Bankr. D. Idaho 2021).

In Cofer the debtor owned a home valued at $100,250 which she claimed as exempt on the petition date. After confirmation the debtor fell behind on her plan payments and exercised her right to convert to chapter 7. After conversion the chapter 7 trustee sought to limit her homestead exemption to the value of the home on the petition date, and that any appreciation in the value of the Property is property of the Chapter 7 bankruptcy estate and to sell the Home for the benefit of the estate. Debtor objected, arguing the vesting provision in the plan and under § 1327(b) prevented the home from becoming property of the chapter 7 estate under § 348(f)(1)(A).

The court, finding the reasoning of Barrera I and Lynch more persuasive than Goins because it better reflects the legislative intent of § 348, ruled that post-petition appreciation upon conversion belonged to the debtor. Id.

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

23

<u>In re Golden, 528 B.R. 803 (Bankr. D. Colo. 2015)</u>.

In Golden, the debtor's home appreciated during the chapter 13 case and was sold prior to conversion to chapter 7. The court found Debtor is entitled to any post-confirmation, pre-conversion appreciation in value of the property claimed as exempt. The court cited In re Niles, 342 B.R. 72 (Bankr.D.Ariz.2006) (although the proceeds from the post-confirmation, pre-conversion sale exceeded the statutory maximum of the homestead exemption, such proceeds belonged to the debtor because confirmation revested estate property in the debtor), In re Slack, 290 B.R. 282 (Bankr.D.N.J.2003) (post-confirmation, pre-conversion appreciation in value was not property of the estate in the Chapter 7 case because, in the converted case, property was valued as of the date of the filing of the petition pursuant to 11 U.S.C. § 348(f)(1) (B)), and In re Wegner, 243 B.R. 731 (Bankr.D.Neb.2000) (same). Id. at 810.

<u>In re Hodges, 518 B.R. 445 (Bankr. E.D. Tenn. 2014)</u>.

Hodges involved equity built up in the debtors' residence because of payments made to their mortgagee during the Chapter 13 case. The court in Hodges first noted that "although § 348(f)(1)(B) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), because the issue in this case is controlled by § 348(f)(1)(A), which was not amended by BAPCPA, the Court may rely on cases construing § 348(f)(1)(A) before BAPCPA came into effect." Id., at 448.

In Hodges, several cases are cited including In re Nichols, 319 B.R. 854, 857 (Bankr. S.D. Ohio 2004), In re Lynch, 363 B.R. 101, 107 (B.A.P. 9th Cir. 2007), In re Salvador B., No. 2:05-CV-1107-GEB, 2006 WL 3300770, at *4 (E.D. Cal. Nov. 14, 2006), In re Woodland, 325 B.R. 583, 586 (Bankr. W.D. Tenn. 2005), and In re Boyum, No. 05-1044-AA, 2005 WL 2175879, at *2 (D. Or. Sept. 6, 2005) -- which stand for the proposition that post-petition pre-

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

24

conversion increases in equity caused by both debt paydown and property appreciation are property of the debtor, not the chapter 7 estate.  Cases postdating the 2005 BAPCPA amendment to § 348(f)(1)(B) also reach the same conclusion, contrary to the Trustee's argument. Id. at 449

The court further noted that post-BAPCPA Section 348(f)(1)(B) "addresses the rights of a secured creditor in the context of valuation of specific property at the end of the Chapter 13 bankruptcy." Id., at 450 (emphasis in original). The court held that the issue was "squarely answered by § 348(f)(1)(A) and the case law interpreting it," and therefore, the debtors were entitled to the post-petition equity created by the mortgage payments made in the Chapter 13 case.  Id. at 451.

In re Robinson, 472 B.R. 854 (Bankr. M.D. Fla. 2012).

Robinson involved equity that accrued in the debtors' vehicles because of payments made to secured creditors under a confirmed Chapter 13 plan.  The court, relying on the pre-BAPCPA cases of Burt and Pruneskip, held that the equity in the vehicles attributable to the debtors' post-petition payments belonged to the debtors. Id., at 857.  The court noted that "[t]he legislative history of the 1994 amendments to section 348(f) indicates that debtors are to be encouraged to make payments in Chapter 13 rather than filing under Chapter 7, and that they should not be penalized for attempting to repay their debts in Chapter 13 even though they may later find it necessary to convert to a Chapter 7 case." Id. at 856.

In sum, the statutory scheme of 11 U.S.C. § 348(f) indicates that the relevant date for determining property of the Chapter 7 estate after conversion from Chapter 13 is the original filing date. In this instance, at the time of their filing of the petition, the Debtors had no equity in either vehicle. The accumulated equity in the subject automobiles, acquired by payments made

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

pursuant to Debtors' Chapter 13 Plan, is not property of the Chapter 7 estate pursuant to 11 U.S.C. § 348(f).  Id at 857.

In re Niles, 342 B.R. 72 (Bankr. D. Ariz. 2006).

Niles was filed on April 22, 2004.  After the chapter 13 plan was confirmed, the debtor's home appreciated, and it was sold before the case was confirmed to chapter 7.  The trustee argued that the proceeds were property of the chapter 7 estate.  The Niles court found that the appreciation in debtor's home was the post-petition property of the debtor. The court stated:

While admittedly an increase in value to real property is not the same as after-acquired property as that term is traditionally defined under bankruptcy law, it is similar in nature and justifies the same result. Denying the debtor the increase in value upon conversion would similarly act as a disincentive to filing chapter 13 in the first instance. For these reasons, the Court concludes that the funds more than the exemption amount received because of the postconfirmation preconversion sale of Debtor's home are not subject to turnover to the Trustee. Id. at 76.

Salas v. McGranahan (In re Salas), WL 3300770 (E.D. Cal., 2006).

In Salas the bankruptcy court ruled the non-exempt equity created by the appreciation of the debtors' residence after the filing of their Chapter 13 petition belonged to the converted Chapter 7. The debtors argued that the language and legislative history of 11 U.S.C. § 348(f) supported the position that it was the property's value as of the date the chapter 13 was filed that became property of the chapter 7 estate upon conversion and any postpetition appreciation belonged to the debtors. The trustee disagreed, relying on the Ninth Circuit's interpretation of language in 11 U.S.C. § 541(a)(6) to mean that appreciation enured to the bankruptcy estate, not the debtor. The district court noted that section 348(f) did not provide specific guidance of what

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

26

constituted a "valuation" in a chapter 13 case. The court held that the legislative history supported the general conclusion that confirmation of a plan constituted an implicit valuation. The court held that the order that confirmed the debtors' chapter 13 bankruptcy plan was an implicit valuation of the scheduled property, which is binding on the converted chapter 7 estate. Regarding the post-petition appreciation, the court adopted the language from In re Niles, 342 B.R. 72 (Bankr. D. Ariz. 2006):

While admittedly an increase in value to real property is not the same as after-acquired property as that term is traditionally defined under bankruptcy law, it is similar in nature and justifies the same result. Id. at 14-15.

The court applied the implicit valuation concept in favor of the debtor, and the court also found that: [The] equity appreciation of the [property] before conversion to chapter 7 belongs to the debtors. Id. at 15.

In re Nichols, 319 B.R. 854, 857 (Bankr. S.D. Ohio 2004).

The court in Nichols explained that Congress was concerned that transferring the benefits made by a debtor by diligently making payments under a chapter 13 plan to the unsecured creditors if the case converted to one under chapter 7 "would create a serious disincentive to chapter 13 filings because debtors would fear that property attained after filing, including equity created by payment of secured debts, could be lost if the case were converted. Congress did not intend that a chapter 13 debtor should lose the benefit of any equity accrued in an asset because of said debtor's compliance with the chapter 13 plan payments. The legislative history also states that equity created during the chapter 13 case is not property of the estate." 319 B.R. at 856 (quoting Collier on Bankruptcy ¶ 348.07[1] (15th ed. rev'd 2004)).

In re Jackson, 317 B.R. 511 (Bankr. N.D. Ill. 2004).

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

27

In Jackson, the debtors filed on August 25, 2000. After the chapter 13 plan was confirmed, the debtors' home appreciated in value before the case was converted to chapter 7. The court found that any appreciation in the value of the home or increase in equity during the chapter 13 case was the property of the debtor. Id. at 513, 518. The court based its decision on the legislative history which states that equity created during the chapter 13 case is not property of the estate. Id. at 513. The court also stated that is the assurance that debtors may keep any appreciation of their property during the chapter 13 case that promotes re organization over liquidation. Id. at 516.

Warren v. Peterson, 298 B.R. 322 (N.D. Ill. 2003).

In Warren the debtor filed Chapter 13 on August 9, 1997. After confirmation the debtor converted to Chapter 7. The court used the concept of implicit valuation to find that the debtor's home was valued at the value listed on the debtor's schedules, and thus the post-petition pre-conversion appreciation in debtor's home was not property of the estate. More importantly, the court also found that the result was consistent with congressional intent. The court referred to the example set forth in the legislative history and found that it applied equally to equity created by mortgage paydown and equity created by appreciation.

In Warren the court stated:

The earlier-quoted example in the legislative history is highly instructive in this case. See H.R.Rep. No. 103-835 at 57 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3366. Warren, like the debtor in the example, had no equity in her residence when her bankruptcy plan was confirmed (at least according to her scheduled values). Warren's case, like the debtor's, was subsequently converted to chapter 7. And finally, at the time of conversion, Warren, like the debtor, probably had equity in her residence (because of appreciation and payments made against

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

the secured claims) that would permit the trustee to sell her residence to capture the equity. Section 348(f) was adopted to ensure that property, such as Warren's residence, would not be liquidated because of converting to chapter 7. Id. at 326, footnote 1.

In re Burt, Case No. 01-43254-JJR-7, 5 (Bankr. N.D. Ala. Jul. 31, 2009).

In Burt the Debtors filed Chapter 13 in September 2001. At the time of filing, the Debtors owned real property valued at $62,700 with a mortgage of $45,000, leaving $17,700 equity. The Debtors converted to Chapter 7 in August 2006. During the pendency of their Chapter 13 they had made payments on their mortgage which had reduced it to $20,034.20. Due to the payments and appreciation, at the time of conversion, the Debtors equity had increased to $42,665.80. The Chapter 7 trustee claimed the increased equity during the Chapter 13, created by the Debtors payments on the mortgage, and otherwise, inured to the benefit of the Chapter 7 estate.

The court stated "[t]here is a consensus among courts that equity attributed to appreciation in a property's value may not be claimed by the trustee in a converted case" citing In re Wegner, 243 B.R. 731, 734-35 (Bankr. D. Neb. 2000), In re Niles, 342 B.R. 72, 76 (Bankr. D. Ariz. 2006), and In re Page, 250 B.R. 465, 465 (Bankr. D.N.H. 2000).

In re Page, 250 B.R. 465 (Bankr. D. N.H. 2000).

In Page the court examined whether the appreciation in value of the debtor's home during the Chapter 13 was part of the Chapter 7 estate. The court found that the appreciation of the debtor's home during the chapter 13 case was property which debtor acquired post-petition.

The court stated Subsection (f) of section 348 was added to the Bankruptcy Code in October 1994 to induce individuals to file under Chapter 13. Under this section, absent a showing of bad faith, property of the estate of a converted case consists of the property at the

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

29

date of the filing, and valuations of property and allowed secured claims are binding in the converted case. In the instant case, there is no allegation of bad faith, and the Court sees no reason to distinguish between property acquired after the original petition date which is clearly not part of the Chapter 7 estate from appreciation of property during a Chapter 13 proceeding. Id. at 465

### O. Ambiguity in 11 U.S.C. § 348(f).

The question before this court is whether § 348(f)'s definition of the phrase "property of the estate" includes postpetition appreciation in value of an asset owned by a debtor on the petition date. If § 348(f) is ambiguous, as is evident by its different interpretation by different courts, the court can look to extrinsic aids such as the legislative history, to determine congressional intent.

"The language of section 348(f) "does not indicate whether equity in . . . property that did not exist at the time . . . the Chapter 13 [plan was confirmed] should . . . be considered property of the estate for Chapter 7 purposes." In re Boyum, 2005 WL 2175879, at *2 (D. Or. Sept. 6, 2005). Nor does this section "provide specific guidance of what constitutes a `valuation' in a [c]hapter 13 case." Bargeski v. Rose, 2006 WL 1238742, at *4 (D. Md. March 31, 2006). Therefore, it is necessary to examine the section's legislative history. See Nuclear Info. and Res. Serv. v. U.S. Dep't of Transp. Research and Special Programs Admin.,457 F.3d 956, 960 (9th Cir. 2006) ("Courts can only look to legislative history to determine congressional intent if a statute is ambiguous.")." In re Salas, 2:05-cv-1107-GEB, Bankruptcy Court Case No. 04-31266-D-7, 7 (E.D. Cal. Nov. 14, 2006).

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

30

CONCLUSION

Despite binding and persuasive precedent, the bankruptcy court ruled post-petition, pre-conversion equity in a pre-petition asset is property of the chapter 7 estate. The bankruptcy court based its ruling on a minority view decision from the Eastern District of Virginia (In re Goins, 539 B.R. 510 (Bankr. E.D. Va. 2015)), a bankruptcy court decision from Oregon (In re Peter, 309 B.R. 792, 795 (Bankr.D.Or.2004) (finding equity in a car resulting from chapter 13 payments is included in the converted chapter 7 estate)), and three chapter 7 cases (Wilson v. Rigby, 909 F.3d 306, 312 (9th Cir. 2018); In re Hyman, 967 F.2d 1316, 1321 (9th Cir. 1992), and; In re Reed, 940 F.2d 1317, 1323 (9th Cir. 1991)) which are not conversion cases.

The Debtors respectfully submit that the order of the bankruptcy court should be reversed based on the overwhelming weight of authority, legislative intent, and expert commentators which support the Debtors' position that the post-petition, preconversion equity in the Debtors home is not part of the converted Chapter 7 estate.

*Date*: <u>October 14, 2021</u>              */s/ Steven C. Hathaway*
                                         Steven C. Hathaway, WSBA #24971
                                         shathaway@expresslaw.com

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

31

# CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.  This brief uses a proportional typeface and 12-point font, contains 9,481 words, and is within the maximum page limit of thirty (30) pages, excluding tables of content and authorities and required certificates.

*Date*: <u>October 14, 2021</u>          */s/ Steven C. Hathaway* _____
Steven C. Hathaway, WSBA #24971
3811 Consolidation Avenue Bellingham, WA 98229
Phone: (360) 676-0529
shathaway@expresslaw.com

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

32

CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2021, I electronically filed the amended opening brief for the appellant with the Clerk of the Court for the United States District Court using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*Date*: <u>October 14, 2021</u>    <u>*/s/ Steven C. Hathaway*</u>
Steven C. Hathaway, WSBA #24971
3811 Consolidation Avenue Bellingham, WA 98229
Phone: (360) 676-0529
shathaway@expresslaw.com

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

33

# CERTIFICATE OF INTERESTED PARTIES

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal:

— John Felix Castleman, Sr., and Kimberly Kay Castleman, Debtor and Appellant

— Dennis Lee Burman, Chapter 7 Trustee

*Date*: <u>October 14, 2021</u>        <u>*/s/ Steven C. Hathaway*        </u>
Steven C. Hathaway, WSBA #24971
3811 Consolidation Avenue Bellingham, WA 98229
Phone: (360) 676-0529
shathaway@expresslaw.com

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

34

## CERTIFICATE OF RELATED CASES

Counsel of Record contends that there are no related cases pending in this Court, pursuant to Ninth Circuit Rule 28-2.6.


*Date*: <u>October 14, 2021</u>     <u>*/s/ Steven C. Hathaway*          </u>
Steven C. Hathaway, WSBA #24971
3811 Consolidation Avenue Bellingham, WA 98229
Phone: (360) 676-0529
shathaway@expresslaw.com

APPELLANT'S AMENDED OPENING BRIEF

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE: (360) 676-0529
FAX: (360) 676-0067

35